[Civ. No. 10433.   Second Appellate District, Division One.—February 10, 1936.]

NORMAN JOHNSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Louis Elowitt for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondent.

HOUSER, P. J.—In this matter it appears that in the course, and arising out, of his employment, Norman Johnson, the petitioner herein, fell against the corner of a table, and thereby sustained an injury in the region of his right groin. On a hearing of Johnson's application for adjustment of his claim for compensation before the respondent commission, in addition to the foregoing facts the said respondent found that Johnson's said injury consisted of an "aggravation in to disabling condition of a pre-existing hernia", and ordered that he be compensated "by the furnishing of a surgical operation for the radical cure of said hernia by the insurance carrier, together with the necessary medical and hospital treatment, without disability indemnity for the period of disability caused thereby".

In substance, by his petition for the writ of review herein, Johnson has questioned the sufficiency of the evidence to justify such finding of fact and the award made by the respondent commission thereon.

As a controlling point regarding the sufficiency of the evidence, from the testimony given by one physician it appears that several months before the date of the injury Johnson "was operated for an acute purulent appendicitis", and that at that time he was not afflicted with hernia; but that immediately following the date of the accident in question he had

a "definite hernia". However, by testimony given by another physician, the latter fact in part was disputed, with the qualification that possibly there was "some mild separation of the muscular fasciculi in the region of the right internal inguinal ring".

It thus appears that there was no conflict in the direct evidence regarding the fact that prior to the date of the accident Johnson never had had a hernia;—the only conflict being as to whether since the date, and as a result of the injury, he had a hernia. In fact, no evidence whatsoever was introduced on the hearing before the respondent commission to the effect that Johnson had a pre-existing hernia".

The only basis for the finding by the respondent commission that there was "a pre-existing hernia" is the testimony, reports, etc., now asserted to have been received in former cases before the respondent commission where a similar question was involved, and which testimony, etc., are now claimed to disclose the fact that a hernia seldom results directly from an injury; but that in the great majority of cases the injury aggravates a preexisting condition and produces a hernia. But as hereinbefore has been indicated, no evidence of what was contained in any such testimony, reports, etc., was introduced at the hearing before the respondent commission.

It is manifest that in accord with the report of one physician the respondent commission was justified in finding that after the date of the accident Johnson had a hernia; but since there was no direct evidence that that condition was preexisting, and since Johnson was given no notice of any intention on the part of respondent commission to use the evidence now asserted to have been received in former cases, nor given an opportunity to refute any such evidence, it follows that the respondent commission was lacking in jurisdiction to decide the question as to a preexisting hernia contrary to the direct evidence that was introduced on the hearing in Johnson's case.

The award is annulled, and the matter is referred to the respondent commission for appropriate action in the premises.

York, J., and Doran, J., concurred.